Gubia, per
Nott, J.
The object of the motion in this «ase is, the reversal of the decree with regard to costs. Without going into the merits of the motion, a preliminary question has been raised; whether a party is enti-tied to an appeal in a matter of costs only.
It appears to have been settled by the former Court of Appeals, that an appeal in such a case should not be allowed. I do not think that such a decision is absolutely binding on the Court: but it is a rule which we have adopted, to follow the practice of that Court as nearly as is practicable, until we find some inconvenience to result from it, and to consider their decisions of binding authority, except where it shall be thought some manifest principle of law or equity has been violated; and where the circumstances are such as would authorize revision of our own decisions, or the decisions of any other Court. It is the more reasonable that we should follow the rule adopted in cases of this sort, because aopears to have been the result of observation and long rr t ° experience.
It is now contended that an appeal is a matter right; and that a Court cannot withhold a right which is secured to the party by a positive act of the legislature. It is true, that it is the duty of Judges to obey and not to resist the law; but it is their duty to expound the law and to give it effect, according to its spirit and the apparent intention of the legislature. And it is to be presumed that the Court did not adopt the rule now. under consideration, without a due regard to both.
But I am disposed to think, independent of authority, that it is the only practical construction which can be given to the act. It is an established maxim in the of Equity, that the direction of the payment of costs is altogether in the discretion of the Court. And it is an almost universally received opinion, that a Judge can not be controlled in the exercise of his discretion in those *212 tilings which are altogether matters of discretion. To he sure it must be what the law terms a legal discretion. And most of those cases, which wc term matters of discretion, furnish something like rules by which the judgment ought to be directed.
The difficulty arises from the want of possession of all the circumstances by which the opinion of the Court was influenced. If we could be possessed of all the facts and circumstances precisely as they appeared in the Court below, we might then perhaps be permitted occasionally to exercise a control even over the discretion of the Judge. But even then the cases would be so few in which it would be proper to interfere, it would be unwise to give up a rule, otherwise good and wholesome, for the purpose of getting at them.
There is another view of the subject, which satisfies me of the correctness of this course. Most of the cases in which the question would arise would be of a complicated nature, consisting of a number of parties, and of a variety of conflicting claims. We might, therefore, have as many successive appeals as there were parties to the suit. In all those appeals we should be driven to the necessity of examining the whole case through all its minutest details, to ascertain whether the Chancellor had exercised a proper discretion, with regard to the payment of costs. And after all this investigation we should not be half so well qualified to determine the question as the Judge from whom the appeal had been brought. No doubt, there may be individual cases of hardship, and there may be some which would form a just exception to the rule. But if the door should be left open, every case will be brought up, and more time will frequently be employed in ascertaining whether the case comes within the rule or the exception, than would be required to divide the question itself. It would be burthensome and distressing to the Court; it would entail upon the country an irremediable grievance, by the delay which it *213 would occasion; and in most cases would be unprofitable to the parties; and after our best exertions, I am satisfied, we should do more harm than good by making such an attempt. My best reflections have brought me to the conclusion, that the practice heretofore adopted is a salutary one, and ought not to be departed from. The motion therefore, in this case, must be refused.

Decree affirmed.